*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA MONTRIEF, DEAN T. MONTRIEF, STEVE BAILEY, DANIEL MILLS, JANET M. MILLS, COLIN ROEHM, ANJLIA MASLAK, TRUMAN CARRICO, KIMBERLY SELLERS CARRICO, JOSEPH R. RINE, LEESA R. RINE, MICHAEL RINE, JOSEPH DOWNARD, MARTHA DROW, VICTORIA L. ROBERTS, CHIP ROBERTS, DARWIN SCHOEFF, JOANNE SCHOEFF, DAVID SQUIRES, HELEN SQUIRES, RONALD G. JOHNSON, WILLIAM A. BEDELL, DONALD SCHROEDER, MARJORIE MONAGIN, BARBARA KORICAN, KEITH PRICE, JUDITH BAILEY, WILLIAM BAILEY, JOE E. O'NEAL, KAREN KOYKKA O'NEAL, and TECUMSEH MILLS AIRPORT, LLC,

UNPUBLISHED
October 06, 2025
10:09 AM

Plaintiffs-Appellants,

v

No. 368603
Lenawee Circuit Court
LC No. 2021-006726-CZ

MACON TOWNSHIP BOARD OF TRUSTEES, MUSTANG MILE SOLAR ENERGY, LLC, and CONSUMERS ENERGY COMPANY,

Defendants-Appellees.

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

MARIANI, J. (*concurring*).

I concur in full with the majority's conclusion, and write separately to explain why, in my view, a different one is not required by *Greater Bible Way Temple of Jackson v City of Jackson*, 478 Mich 373; 733 NW2d 734 (2007). As the majority notes, that decision from our Supreme Court contains the following sentence: "A decision whether to rezone property does not involve consideration of only a particular or specific user or only a particular or specific project; rather, it involves the enactment of a new rule of general applicability, a new rule that governs all persons

-1-

and all projects." *Id*. at 389. Taken in isolation, that statement could be read to suggest that "rezoning" might comprise matters beyond the reclassification of specific property—an understanding of the term that, as the majority opinion aptly details, would be broader than the "peculiar and appropriate meaning" elsewhere reflected in Michigan zoning law. *Jostock v Mayfield Twp*, 513 Mich 360, 372; 15 NW3d 552 (2024) (quotation marks and citation omitted). When the statement is taken in due context, however, such a reading of it does not hold up.

The Court in *Greater Bible Way* made the above-quoted statement in the course of explaining why the rezoning of the plaintiff's specific property did not constitute an "individualized assessment" of the plaintiff for purposes of the Religious Land Use and Institutionalized Persons Act of 2000, 42 USC 2000cc *et seq*. *Greater Bible Way*, 478 Mich at 389-390. This was so, the Court reasoned, because the decision to rezone the plaintiff's property would necessarily impact the rest of the community (which would be bound by the decision and its consequences) and would apply to any future owners of the property and whatever plans they might have for it. *Id*. In that sense, then, the rezoning decision was one of "general applicability" rather than one limited to the "plaintiff's particular circumstances . . . or particular project." *Id*. This surrounding discussion is fully consistent with the "peculiar and appropriate meaning" of rezoning as a reclassification of specific property, *Jostock*, 513 Mich at 372 (quotation marks and citation omitted), and makes clear to me that the above-quoted statement should not be taken to suggest any change in or departure from that meaning.

/s/ Philip P. Mariani